# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN M. BRADLEY, **Plaintiff,** v. SIXTEENTH JUDICIAL CIRCUIT, STATE OF ILLINOIS, **Defendant.** | Case No. 12 C 7212 Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Bill of Costs. For the reasons stated herein, Defendant is awarded $2,952.85 in costs.

### I. BACKGROUND

Plaintiff John Bradley is a former probation officer with Kane County Court Services. After his employment was terminated, Plaintiff brought this suit alleging that the termination was discriminatory based on his race, age, and disability. He also claimed that Defendant retaliated against him for complaining about workplace discrimination. He alleged that Defendant violated the Americans with Disabilities Act when it failed to provide him with a reasonable accommodation for his alleged elbow injury. In an oral ruling on October 16, 2013, the Court granted summary judgment for Defendant on all counts.

Defendant filed this bill of costs and asks for $3,512.40. Plaintiff has not filed a response.

## II. ANALYSIS

Federal Rule of Civil Procedure 54 provides that a prevailing party should be able to recover its costs, other than attorneys' fees, from the other party. FED. R. CIV. P. 54(d)(1). The Court "must determine that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation." *Weihaupt v. Am. Med. Ass'n,* 874 F.2d 419, 430 (7th Cir. 1989). This rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006).

Defendant requests reimbursement for the costs it incurred to obtain original transcripts for three depositions. These fees are recoverable pursuant to Local Rule 54.1(b), as long as the rates conform to the rates established by the Judicial Conference of the United States. Defendant requests $3.60 per page, which does not exceed the rate set by the Judicial Conference. *See, http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/ CrtReporter/trnscrpt.htm.* There can be no dispute that Plaintiff's deposition was necessary to the litigation. The other two depositions were for George Torres and Jeffrey Jefko, both of whom were Plaintiff's supervisors. Their testimony was necessary to establish Defendant's regular job responsibilities and the circumstances of the termination. All three depositions were

necessary to the litigation and the rates requested are reasonable, so the Court grants $2,912.40 for deposition transcripts.

The only remaining item is a $600 "appearance fee" for the stenographer at the depositions. A stenographer's appearance fee "may be taxed as costs only to the extent that the fee, when added to the per-page rate charged for the deposition transcript, does not make the total charge per page exceed [the Judicial Conference rate]." *Fletcher v. Chicago Rail Link, LLC,* No. 06 C 842, 2007 WL 4557816, at *1 (N.D. Ill. Dec. 20, 2007). Defendant has requested $3.60 per page for original transcripts, but the maximum rate is $3.65 per page. Defendant can recover another five cents for every page of transcript, or $40.45. Therefore, the Court awards a court reporter appearance fee of $40.45.

### III. CONCLUSION

For the reasons stated herein, Defendant is entitled to a total award of $2,952.85. The Clerk of the Court is directed to tax costs in the amount of $2,952.85 in favor of the Defendant and against the Plaintiff.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　United States District Court

Date:3/7/2014